Dear Mr. Cason:
You have requested the opinion of this office regarding the use of money collected from the Tangipahoa Parish School Board's one cent sales tax to pay for employees' merit pay. You state in your request that the merit pay involved is that which was approved by this office in Opinion Number 92-175. Thus, assuming that the merit pay at issue is not in violation of Article 7, Section 14 of the Louisiana Constitution (1974), you ask whether this compensation may be paid out of a sales tax levied by the School Board for the following purposes:
 . . . to be used first to supplement other revenues available to the School Board for the payment of salaries of teachers in the public elementary and secondary schools of the Parish in accordance with the Tangipahoa Parish School Board salary schedules for teachers, lunchroom employees and other personnel employed by the School Board; with any remaining revenues to be used for the expenses of operating said schools . . .
The above quoted language appeared in the proposition submitted to the voters of Tangipahoa Parish on Saturday, October 15, 1966, and was approved by such voters. Your question is whether the language in this proposition authorizes the School Board to use such revenues for an incentive pay plan.
As stated in Opinion Number 92-175, incentive pay is authorized where:
 1. It is based upon objective criteria for future performance of duties for the benefit of the public;
 2. Where the work is beyond that which is required by normal duties, and;
 3. The amount of the bonus is reasonable in relation to the benefit realized.
Attorney General's Opinion Number 92-175, citing Opinion Number 89-328.
If the incentive pay plan in question meets the above-mentioned criteria, the next question is whether it is authorized to be paid for through the one cent sales tax. The actual proposition language quoted above must be carefully scrutinized in order to determine the will of the electorate and, hence, whether these funds, may be used to pay for an incentive pay plan.
The proposition authorizes the proceeds of the one cent sales tax to be used to supplement other revenues available to pay salaries in accordance with School Board salary schedules; the remainder of these proceeds after payment of salaries may be used for operational expenses. The uses designated for the sales tax proceeds within this proposition do not include the funding of incentive pay plans.
School boards are required by state law to pay teachers a set salary under a state salary schedule. (See LSA-R.S.17:421.3). School bus operators are paid in accordance with LSA-R.S. 17:496 and LSA-R.S. 17:497. And other school employees, such as school janitors, custodians and maintenance employees are paid salaries determined by the employing school board. (see LSA-R.S. 17:84.1).
These amounts constitute the "Tangipahoa Parish School Board salary schedules" referred to in the tax propositions; this, however, does not include amounts payable under incentive pay plans. In addition, incentive pay plans are not considered to be "operational expenses and, thus can not be paid for with amounts left over after the payment salaries as provided for by the sales tax proposition". Therefore, it is the opinion of this office that the proceeds from this tax may not be used for incentive pay plans. However, proceeds from this tax may be rededicated for this purpose in accordance with the applicable laws on rededication of tax proceeds.
I hope that this sufficiently answers your questions. If you require further assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0367p